## JOHN BRACKETT AND OTHERS *v.* ELIJAH GREGORY.

**Bankruptcy—Fraudulent Conveyance by Bankrupt.**

Right of a bankrupt to recover property held by another for the purpose of passing it beyond the reach of creditors.

APPEAL FROM KNOX CIRCUIT COURT.

January 3, 1873.

OPINION BY JUDGE PRYOR:

The evidence in this case shows that neither of the parties to this controversy have any such right or title to the land in question as authorizes a recovery.

The appellants, it seems from the proof, have the possession, but it is clearly shown that they are holding it for James Brackett and for the fraudulent purpose of placing it beyond the reach of his creditors.

The antedating of the bond for title and the attempt to suborn witnesses in order to sustain the defense are facts not calculated to impress the chancellor with the belief that they have any equitable rights originating from the alleged parol purchase of the land of James Brackett.

The appellee, however, has clearly shown that he has no right to the land except to satisfy the demands of creditors through his assignee in bankruptcy. He shows by his own testimony that he has taken the benefit of the bankrupt law and that the reason that he failed to give in the land as a part of his estate was that it was in litigation. His assignee in bankruptcy is the owner of it and entitled to sell and dispose of it for the benefit of his creditors. If the appellants had shown by proof that his estate had passed to an assignee in bankruptcy it would have prevented the prosecution of the action in appellee's name. They do show a schedule of his property but failed to show that he had gone further and obtained his release. The appellee, however, proves this fact by the witness Goodin, and as he shows the title to be in another his action must fail. He should, however, be permitted to amend if he desires upon the return of the cause by making the assignee in bankruptcy a party and ask to have the land sold to pay his debts, or to assert his own claim to the land if his debts have all been paid.

For the reasons indicated the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*James, for appellants.*